**VOLKSWAGEN, A.G., Relator,**

v.

**The Honorable Rogelio VALDEZ, Judge, Respondent.**

No. 95–0514.

Supreme Court of Texas.

Nov. 16, 1995.

---

Timothy R. Bersch, Houston, N. Terry Adams, Jr., Houston, for Relator.

Bruce L. Jamison, Houston, for Respondent.

PER CURIAM.

This mandamus action involves a conflict between Texas' discovery rules and Germany's privacy laws. We conclude that the trial court abused its discretion in failing to balance the competing interests of the parties and disregarding German law in its entirety. After balancing the respective parties' interests, we further conclude that the information sought should not be produced. Accordingly, we conditionally grant the writ of mandamus. Tex.R.App.P. 122.

The real parties in interest sued both Volkswagen of America and its German parent company, Volkswagen AG (VWAG), in products liability for personal injuries resulting from an accident involving their 1970 model Volkswagen. The real parties sought production of VWAG's current corporate telephone book to identify individuals who might have relevant information concerning defects in the automobile's door latches. This book contains the names, job titles, position within the company, and direct dial work numbers of more than 20,000 employees as well as the private home numbers of individuals in management positions. VWAG objected to this request on the basis of the German Federal Data Protection Act, which prohibits the dissemination of private information without the consent of the individuals. *Bundesdatenschutzgesetz*, BGBl, I, 2954

(1990) (FRG) (BDSG). The trial court overruled VWAG's objection and ordered it to produce the phone book.

■ When information sought for production is located in a foreign country, guidance is provided by the RESTATEMENT (THIRD) OF FOREIGN RELATIONS LAW § 442 (1987). Section 442(1)(a) states:

> A court or agency in the United States, when authorized by statute or rule of court, may order a person subject to its jurisdiction to produce documents, objects, or other information relevant to an action or investigation, even if the information or the person in possession of the information is outside the United States.

However, when the laws of the foreign sovereign protect relevant information from discovery, the interests of the domestic court or agency must be balanced with those of the foreign sovereign. The Restatement suggests:

> In deciding whether to issue an order directing production of information located abroad, and in framing such an order, a court or agency in the United States should take into account the importance to the investigation or litigation of the documents or other information requested; the degree of specificity of the request; whether the information originated in the United States; the availability of alternative means of securing the information; and the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state [or country] where the information is located.

RESTATEMENT (THIRD) OF FOREIGN RELATIONS LAW § 442(1)(c) (1987). Accordingly, only after a careful balancing of these interests should the trial court rule on a party's request for production.

Before the Restatement's balancing test may be applied, we must determine whether German and U.S. laws actually conflict. That a conflict exists is readily apparent

after examination. Texas discovery rules allow an opposing party to discover evidence relevant to the subject matter in the pending action. TEX.R.CIV.P. 166b(2)(a). Germany's privacy laws protect from dissemination "personal data," which is defined as "information concerning the personal or material circumstances of an identified or identifiable individual." BDSG § 3(1). VWAG produced a plethora of authorities confirming its allegation that information contained in its current corporate phone book is, in fact, personal data. The affidavit of Horst–Gunther Bens explicitly acknowledges that VWAG's production of the book would violate the BDSG, while also explaining that privacy rights under German law are "equal in rank to the right of freedom of speech." Likewise, Paul Schwartz, a professor at the University of Arkansas School of Law and expert on German data protection law, opined that production of the book would be violative. This fact is also confirmed by Dr. Gerard Dronsch, the state commissioner for data protection for Lower Saxony, and the German Federal Ministry of Labor and Social Order. Additionally, the country of Germany submitted an amicus curiae brief, explicitly stating that production of the book would violate the BDSG. In the face of such overwhelming evidence, we have little doubt that German privacy laws conflict with the discovery laws of Texas.

As mentioned, the Restatement balancing test involves five factors. Two of the five factors are undisputed. First, as to the degree of specificity of the request, we note that the real parties' request is specific. All they seek is production of the one easily identifiable current corporate directory. Second, regarding where the document originated, VWAG is a German company and the book contains the names and other information of its German employees employed at its Wolfsburg plant and its facilities located in Brunswick, Emden, Kassel and Salzgitter, all within the country of Germany. The real parties do not contest that this book originated in Germany.

The remaining three factors deserve careful consideration. One, we must look to al-

ternative discovery sources that are available. There are numerous alternative means that the real parties can and have used to obtain information which is the substantial equivalent of VWAG's current corporate phone book. VWAG produced its 1969 corporate phone book,[1] and its United States subsidiary, Volkswagen of America, produced its current corporate phone book. Additionally, Erich Unterreiner, a current engineer for VWAG who also worked there in 1969, identified 29 past and present employees knowledgeable in the design of the 1970 model Volkswagen. He also provided a great deal of information about VWAG's organizational structure and identified Ernst Nockemann as "[t]he man who did most of the design and development work in door latches." Therefore, there are adequate alternatives the real parties may use to discover the names of VWAG employees knowledgeable about the design of the subject vehicle.

Two, as to whether important interests of either this country or Germany are undermined, we conclude that, as asserted by Germany in its amicus curiae brief, its interests would be undermined if VWAG complied with the real parties' request for production. As we discussed, production of the book would violate German privacy laws. And, there is no evidence in the record suggesting that VWAG's failure to produce this phone book would undermine any important interest of this country, particularly when the record shows that alternative methods for obtaining the information exist.

Finally, VWAG's current corporate phone book bears little importance to the present litigation. The real parties already possess VWAG's 1969 corporate phone book that contains the names of the people who worked on the 1970 model Volkswagen. They have Volkswagen of America's current corporate phone book. And, they have the names of many VWAG employees directly responsible for the design and construction of the 1970 model Volkswagen. The plaintiffs simply desire to have the telephone book produced so they might double check the information provided in previous requests.

The trial court failed to balance the interests of the foreign sovereign with those of the real parties in any respect. In fact, the trial court rejected any consideration of German law. This was an abuse of discretion. Further, based on the record, we conclude that the trial court abused its discretion in ordering production of the book in question. VWAG's current corporate phone book should not be produced in contravention of German law. Accordingly, without hearing oral argument, a majority of this Court conditionally grants the petition for mandamus and directs the trial court to vacate its order of November 21, 1994, compelling VWAG to produce its current corporate phone book. TEX.R.APP.P. 122. Writ will issue only if the trial court fails to do so.

1. Because of the age of the information contained in the 1969 corporate phone book, production of this material did not violate the BDSG.